NIGHT BOX
FILED

MAR 27 2000

CLARENCE MADDOX
CLERK, USDC / SDFL / MIA

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No.: 00-00-6204-CIV-SEITZ

CLAIRE BLUMBERG, on her own behalf,
as Trustee of the Claire Blumberg Trust, and
on behalf of all class members similarly
situated,

        Plaintiffs,

v.

FIDELITY AND GUARANTY LIFE
INSURANCE COMPANY, a Maryland
corporation,

        Defendant.
_____/

## ANSWER AND DEFENSES

Defendant, Fidelity and Guaranty Life Insurance Company ("F&G"), for its Answer and Defenses to Plaintiff's Complaint:

1. Admits that this purports to be a class action asserting various causes of action, but except as so admitted denies the allegations in paragraph 1.

2. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2.

3. Admits the allegations in paragraph 3.

4. Admits that this Court has jurisdiction, but except as so admitted denies the allegations in paragraph 4.

5. Admits that F&G conducts business in this district, but except as so admitted denies the allegations in paragraph 5.

6.  Admits that Plaintiff seeks to maintain this action as a nationwide class action pursuant to Fed.R.Civ.P. 23(a), but except as so admitted denies the allegations in paragraph 6.

7.  Denies the allegations in paragraph 7.

8.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8.

9.  Denies the allegations in paragraph 9.

10. Admits that paragraph 10 purports to set forth questions of law and fact common to the class that predominate over questions affecting individual class members, but except as so admitted denies the allegations in paragraph 10.

11. Denies the allegations in paragraph 11.

12. Admits that F&G was and is in the business of selling life insurance products, including annuities, but except as so admitted denies the allegations in paragraph 12.

13. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13.

14. Admits that Plaintiff, as trustee for the Claire Blumberg Trust, purchased from F&G a "Resolute 4" single premium fixed annuity and a "Resolute 5" single premium fixed annuity, but except as so admitted denies the allegations in paragraph 14.

15. Admits that a copy of an article describing a practice referred to in the article as "Pick A Commission" is attached to the Complaint as "Exhibit A," but except as so admitted denies the allegations in paragraph 15.

16. Denies the allegations in paragraph 16.

17. Admits that paragraph 17 purports to interpret, characterize and compare provisions of Florida law and other laws, but except as so admitted denies the allegations in paragraph 17.

18. The allegations in paragraph 18 are conclusions of law to which no response is required, but to the extent a response is required they are denied.

19. Admits that F&G, as an insurer, is subject to various state regulations and laws, but except as so admitted denies the allegations in paragraph 19.

20. Admits that the allegations in paragraph 20 purport to characterize the purpose and intent of insurance regulations, but except as so admitted denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 20 concerning Plaintiff and putative class members' reasonable expectations and denies the remaining allegations in paragraph 20.

21. Admits that F&G annuity products were sold to individuals other than Plaintiff, but except as so admitted denies the allegations in paragraph 21.

22. Denies the allegations in paragraph 22.

23. Admits that F&G annuity products were sold to individuals other than Plaintiff, but except as so admitted denies the allegations in paragraph 23.

24. Denies the allegations in paragraph 24.

25. Admits that F&G had no affirmative obligation to disclose to Plaintiff or other putative class members the interest rate credited to other customers under other circumstances, but except as so admitted denies the allegations in paragraph 25.

26. Admits that F&G had no affirmative obligation to disclose to Plaintiff or other putative class members the interest rate credited to other customers under other circumstances, but except as so admitted denies the allegations in paragraph 26.

27. Denies the allegations in paragraph 27.

28. Denies the allegations in paragraph 28.

29. Denies the allegations in paragraph 29.

## COUNT I
### Fraudulent Omission

30. Incorporates by reference its responses to paragraphs 1 - 29 of the Complaint in response to Count I.

31. Denies the allegations in paragraph 31.

32. Admits that paragraph 32 purports to characterize the dealings of the parties, but except as so admitted denies the allegations in paragraph 32.

33. Admits that F&G had no affirmative obligation to disclose to Plaintiff or other putative class members the interest rate credited to other customers under other circumstances, but except as so admitted denies the allegations in paragraph 33.

34. Denies the allegations in paragraph 34.

35. Denies the allegations in paragraph 35.

36. Denies the allegations in paragraph 36.

37. Denies the allegations in paragraph 37.

## COUNT II
### Negligent Omission

38. Incorporates by reference its responses to paragraphs 1 - 29 of the Complaint in response to Count II.

39. Denies the allegations in paragraph 39.

40. Admits that neither F&G nor its brokers made material omissions or suppressed material facts, but except as so admitted denies the allegations in paragraph 40.

41. Denies the allegations in paragraph 41.

42. Denies the allegations in paragraph 42.

43. Denies the allegations in paragraph 43.

44. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 44 concerning Plaintiff and putative class members' reliance upon account statements, but except as so stated denies the allegations in paragraph 44.

45. Denies the allegations in paragraph 45.

## COUNT III
### Breach of Fiduciary Duty

46. Incorporates by reference its responses to paragraphs 1 - 29 of the Complaint in response to Count III.

47. Denies the allegations in paragraph 47.

48. Denies the allegations in paragraph 48.

49. Denies the allegations in paragraph 49.

50. Denies the allegations in paragraph 50.

51. Denies the allegations in paragraph 51.

## COUNT IV
### Unjust Enrichment

52.   Incorporates by reference its responses to paragraphs 1 - 29 of the Complaint in response to Count IV.

53.   Denies the allegations in paragraph 53.

54.   Denies the allegations in paragraph 54.

55.   Admits that F&G had no affirmative obligation to disclose to Plaintiff or other putative class members the interest rate credited to other customers under other circumstances, but except as so admitted denies the allegations in paragraph 55.

56.   Denies the allegations in paragraph 56.

57.   Denies the allegations in paragraph 57.

58.   Denies the allegations in paragraph 58.

## COUNT IV
### Money Had and Received

59.   Incorporates by reference its responses to paragraphs 1 - 29 of the Complaint in response to Count V.

60.   Denies the allegations in paragraph 60.

61.   Denies the allegations in paragraph 61.

### FIRST DEFENSE

The Complaint fails to state a claim for which class relief can be obtained because, <u>inter alia</u>, the purported claims of putative class members allegedly arise under the varying laws of numerous states and thus maintenance of this action as a class action would be impracticable.

## SECOND DEFENSE

This suit is not properly maintainable as a class action because, inter alia, neither the commonality nor typicality requirements of Federal Rule of Civil Procedure 23(a)(2) and (4) can be satisfied.

## THIRD DEFENSE

To the extent the interest rate credited to the annuities purchased by Plaintiff or putative class members differed from the interest rate of other purchasers of annuities sold by F&G, the interest rate difference was actuarially justified, was the result of a different time of purchase or other differences in the product's terms and conditions.

## FOURTH DEFENSE

F&G did not give brokers the discretion to decide which purchasers would receive a higher interest rate guarantee and bonus.

## FIFTH DEFENSE

Plaintiff and any purported class members have not satisfied all conditions precedent for recovery because, inter alia, they are not entitled to the additional interest or other damages sought in the Complaint under the annuities they purchased.

## SIXTH DEFENSE

The Complaint fails to state a claim upon which relief can be granted in that, inter alia, Plaintiff and any purported class members are not entitled to the additional interest or other alleged damages sought in the Complaint under the annuities they purchased or otherwise.

## SEVENTH DEFENSE

F&G complied with and performed all of its promises, obligations and duties to Plaintiff and any purported class members under the annuities, Florida Statutes and any other applicable law.

## EIGHTH DEFENSE

To the extent any purported claims of class members are outside the time period prescribed by Florida or other applicable law for commencement of an action for recovery of damages, the claims are barred by the statute of limitations and/or the doctrine of laches.

## NINTH DEFENSE

Each and every act or statement done or made by F&G and its officers, employees and agents with reference to Plaintiff and any purported class member was a good faith assertion of its rights and, therefore, was privileged and/or justified.

## TENTH DEFENSE

Plaintiff and any purported class members have failed to mitigate any damages they allegedly incurred.

## ELEVENTH DEFENSE

In the event F&G is found liable to Plaintiff or any purported class members for any damages alleged in the Complaint, F&G is entitled to an offset for payments made to Plaintiff or any purported class members from any settlement with any party or non-party to this action respecting the damages at issue in this action.

## TWELFTH DEFENSE

Plaintiff's claims for extra-contractual damages, including but not limited to claims for punitive damages and attorneys' fees, are barred by the economic loss rule, and the Constitutions of the United States and Florida and other applicable state laws.

## THIRTEENTH DEFENSE

To the extent Plaintiff or any purported class member incurred any damages as alleged in the Complaint, the damages were the sole result of the negligence, fault or conduct of third parties who were not under the control of F&G.

## FOURTEENTH DEFENSE

In the event F&G is found liable to Plaintiff or any purported class members for any damages alleged in the Complaint, F&G is entitled to indemnification, contribution and/or apportionment of liability pursuant to applicable law to the extent any damages incurred by Plaintiff or any purported class member were caused by the negligence, fault, or conduct of other parties, their agents, employees or others unknown at this time, over whom F&G had no control.

## FIFTEENTH DEFENSE

The brokers through whom Plaintiff and, upon information and belief, any purported class members purchased their annuities were independent brokers and were acting solely as the agents of Plaintiff and the purported class members and not as the agents of F&G.

## RELIEF REQUESTED

Defendant F&G asks that the Court: (a) strike the class action allegations; (b) dismiss Plaintiff's Complaint with prejudice and enter judgment in favor of F&G; and (c) grant such other relief as is appropriate under the facts and circumstances of this case.

Dated: March 27, 2000

> PROSKAUER ROSE LLP
> Attorneys for Defendant
> 2255 Glades Road, Ste. 340 West
> Boca Raton, Florida 33431
> (561) 241-7400
> (561) 241-7145 (fax)
>
> By: _____
> JAY S. BLUMENKOPF
> Fla. Bar No. 0835870
> KRISTINA B. PETT
> Fla. Bar No. 0973688
> WENDY L. FURMAN
> Fla. Bar No. 0085146

## CERTIFICATE OF SERVICE

I certify that on March 27, 2000, a copy of this document was served by U.S. mail on:

> Michael A. Hanzman
> Hanzman Criden Chaykin & Ponce, P.A.
> 2100 First Union Financial Center
> 200 South Biscayne Blvd.
> Miami, Florida 33131

_____
WENDY L. FURMAN