UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO: 00-6204-CIV-SEITZ

Magistrate Judge Garber

CLAIRE BLUMBERG, on her own behalf, as Trustee of the Claire Blumberg Trust, and on behalf of all class members similarly situated,

    Plaintiffs,

v.

FIDELITY AND GUARANTY LIFE INSURANCE COMPANY, a Maryland corporation,

    Defendant.

_____/

CLARENCE MADDOX
CLERK. USDC / SDFL / MIA

## JOINT SCHEDULING REPORT

Plaintiff, Claire Blumberg, on her own behalf, as Trustee of the Claire Blumberg Trust, and, on behalf of all class members similarly situated, and Defendant Fidelity and Guaranty Life Insurance Company ("F & G"), hereby submit this Joint Scheduling Report in compliance with this Court March 3, 2000 Order Requiring Counsel to Meet and File Joint Scheduling Report.

**1.**      **Schedule for Discovery**

The Parties agree that this action should be assigned to a complex track. As a complex case, and having taken into consideration Attachment B of the Court's Order, the Parties propose the following discovery plan (which is also set forth in Exhibit "A" attached to this Report):

**A. Class Action Certification**

| | |
|---|---|
| 1. Class discovery shall be completed | August 8, 2000 |
| 2. Motion for class certification shall be filed | September 8, 2000 |
| 3. Hearing on certification motion | October 30, 2000 |

**B. General Pretrial Deadlines**

| | |
|---|---|
| 1. Exchange of documents and lists of witnesses pertaining only to the named plaintiff | May 17, 2000 |
| 2. Joinder of parties and amendment of pleadings | January 24, 2001 |
| 3. Exchange of written lists of facts witnesses intended to be called at trial | March 29, 2001 |
| 4. Fact discovery must be completed | April 26, 2001 |
| 5. Exchange of expert witnesses lists, along with expert reports required by Local Rule 16.1.K | May 17, 2001 |
| 6. Expert discovery shall be completed | May 31, 2001 |
| 7. Mediation shall be completed | June 8, 2001 |
| 8. All dispositive pretrial motions shall be filed | June 15, 2001 |
| 9. Pretrial stipulation, preliminary proposed jury instructions, and summary of motions in limine shall be filed | August 31, 2001 |
| 10. Final proposed jury instructions shall be filed | Sept. 28, 2001 |

|  |  |
|---|---|
| 11. Pretrial conference | October 5, 2001 |
| 12. Trial date | October 8, 2001 |

**2.      Likelihood of Settlement**

There have been no substantive settlement discussions between the Parties. After review of discovery material, the Parties intend to explore the possibility of settlement.

**3.      Likelihood of Appearance of Additional Parties**

Unknown at present.

**4.      Limits on Time to Amend, Hear Motions and Complete Discovery**

*See* Section 1 above.

**5.      Proposals for Simplification of Issues**

None at present.

**6.      Possibility of Amendment to Pleadings**

Unknown at present.

**7.      Stipulations**

The Parties agree to cooperate with respect to the filing of any stipulation that would avoid unnecessary proof.

**8.      Proposals for Avoidance of Unnecessary Proof**

None at present.

**9.      Referral of Matters to a Magistrate Judge**

At the present time, the Parties do not agree to the referral of any matters to a Magistrate Judge. *See* Exhibit "B" attached to this Report.

10. **Estimate of Time Required for Trial**

Plaintiff estimates that it will take 5 days for trial. Defendant estimates two to three weeks if a class if certified, and three days if a class is not certified.

11. **Dates for Pretrial Conference and Trial**

*See* Section 1 above.

12. **Jury Trial**

Plaintiff has requested a jury trial.

13. **Outline of Legal Elements of Each Claim**

Fraudulent Omission:

> (1) Defendant omitted or concealed a material fact;
>
> (2) Defendant knew or had reason to know that it was omitting or concealing a material fact;
>
> (3) Defendant intended that the omission or concealment would induce plaintiff to act on it; and
>
> (4) Plaintiff suffered damages by reason of the omission or concealment.

Negligent Omission:

> (1) Defendant omitted or concealed a material fact;
>
> (2) Defendant should have known, if it did not know, that it was omitting or concealing a material fact;
>
> (3) Defendant should have known that the omission or concealment would induce plaintiff to act on it; and
>
> (4) Plaintiff suffered damages by reason of the omission or concealment.

Breach of Fiduciary Duty:

>   (1) Defendant or its agents shared a relationship with plaintiff whereby the plaintiff placed a trust and confidence in defendant and the defendant accepted that trust and confidence;
>
>   (2) Defendant breached its duties to plaintiff; and
>
>   (3) Plaintiff suffered damages as a result of defendant's breach of its duties.

Unjust Enrichment:

>   (1) Plaintiff has conferred a benefit on the defendant, who has knowledge thereof;
>
>   (2) Defendant voluntarily accepted and retained the benefit conferred; and
>
>   (3) The circumstances render the defendant's retention of the benefit inequitable unless the defendant pays to the plaintiff the value of the benefit.

Money Had and Received:

>   (1) Plaintiff paid money to defendant; and
>
>   (2) Defendant has possession of plaintiff's money, which, in good conscience and fairness, it ought to pay over to plaintiff.

The Parties respectfully request the right to clarify these elements when they file their proposed jury instructions.

**14.     Valuation of Actual Damages and Other Relief at Issue**

Unknown at this time, although Plaintiff estimates that class-wide damages would run into the millions of dollars.

15. <u>Need for Variance from Discovery Rules</u>

None known at present.

Respectfully submitted,

Hanzman Criden Chaykin & Rolnick, P.A.
Attorneys for Plaintiffs
2100 First Union Financial Center
200 South Biscayne Boulevard
Miami, Florida 33131
Telephone: (305) 357-9000
Facsimile: (305) 357-9050

_____
Michael A. Hanzman
　Florida Bar No. 510637
Michael E. Criden
　Florida Bar No. 714356
Alan H. Rolnick
　Florida Bar No. 715085
Kevin B. Love
　Florida Bar No. 993948

Proskauer Rose LLP
Attorneys for Defendant
2255 Glades Road, Ste. 340 West
Boca Raton, FL 33431-7383
Telephone: (561) 241-7400
Facsimile: (561) 241-7145

_____
Jay S. Blumenkopf
　Florida Bar No. 0835870
Kristina B. Petit
　Florida Bar No. 0973688
Wendy L. Furman
　Florida Bar No. 0085146

### Pretrial Deadlines, Pretrial Conference and Trial Date

1. **Class Action Certification.**

| | |
|---|---|
| AUG 8, 00 | Initial discovery, addressing only the issue of class certification, shall be completed. |
| Sept 8, 00 | Motion for class certification must be filed. |
| OCT 30, 00 | Hearing on certification motion (if evidentiary hearing needed) |

2. **General Pretrial Deadlines.**

| | |
|---|---|
| JAN 24, 01 | Joinder of parties and amendment of pleadings. |
| MAr 29, 01 | Parties shall furnish opposing counsel with a written list containing the names and addresses of all fact witnesses intended to be called at trial and only those witnesses listed shall be permitted to testify. |
| Apr 26, 01 | All *fact* discovery must be completed. The parties are under a continuing obligation to supplement discovery responses within <u>ten (10) days</u> of receipt or other notice of new or revised information. |
| MAY 17, 01 | Plaintiff must furnish expert witness list to the Defendant, along with the summaries/reports required by Local Rule 16.1.K, and only those expert witnesses shall be permitted to testify. Within the fourteen day period thereafter, Plaintiff shall make its experts available for deposition by Defendant. |
| MAY 17, 01 | Defendant must furnish expert witness list to the Plaintiff along with the summaries/reports required by Local Rule 16.1.K, and only those expert witnesses shall be permitted to testify. Within the fourteen day period thereafter, Defendant shall make its experts available for deposition by Plaintiff. |
| MAY 31, 01 | All *expert* discovery must be completed. |
| June 8, 01 | (a) Mediation must be completed |
| June 15, 01 | All dispositive pretrial motions and memoranda of law must be filed. |
| Aug 31, 01 | (a) <u>Joint</u> pretrial stipulation must be filed pursuant to Local Rule 16.1.E. The pretrial stipulation shall include Plaintiff's non-binding breakdown of damages with corresponding amounts; the witness lists shall be pared down to those witnesses the parties actually intend to call at trial; and the exhibit lists shall identify the witness introducing each exhibit. **The parties shall meet at least one (1) month prior to the deadline for filing the pretrial stipulation to confer on the preparation of that stipulation.** The Court will not accept unilateral pretrial stipulations, and will strike, *sua sponte*, any such submissions; and |
| | (b) A joint statement outlining (1) the legal elements of Plaintiff's claims, including damages, and (2) the legal elements of the defenses raised, either in the form of a proposed jury instruction (for jury cases) or proposed conclusions of law (for non-jury cases); **and** |
| | (c) Joint Summary of Respective Motions in Limine must be filed. The Summary shall contain a cover page providing the style of the case and an index of the motions in limine. The Summary shall also include for each evidentiary issue: (*i*) a one (1) page motion identifying the evidence sought to be precluded at trial and citing legal authority supporting exclusion; and (*ii*) a one (1) page response to the motion providing a statement of the purpose for which the challenged evidence would be offered and citing legal authority in support of admission of the challenged evidence. The parties shall work together to prepare the Summary. Prior to submission of the Summary, the parties are encouraged to resolve evidentiary issues through stipulation. |

[Attachment A]

Sept 28, 01 — Final proposed jury instructions or findings of fact and conclusions of law must be submitted. *A courtesy copy shall be hand-delivered to Chambers on 3.5 diskette, WordPerfect format.*, each party's list indicating each witness who will testify at trial, a one sentence synopsis of the testimony, and in conclusion with opposing counsel, indicate the amount of time needed for direct and cross examination.

OCT 5, 01 — Pretrial conference.

OCT 8, 01 — Trial Date.

_____, ___ — Date of any other deadline the parties adopt as part of their case management plan.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 00-6204-CIV-SEITZ

CLAIRE BLUMBERG, et al.,

        Plaintiff,

v.

FIDELITY AND GUARANTY LIFE
INSURANCE COMPANY,

        Defendant.
_____/

## ELECTION TO JURISDICTION BY A UNITED STATES MAGISTRATE JUDGE FOR FINAL DISPOSITION OF MOTIONS

In accordance with the provisions of 28 U.S.C. 636(c), the undersigned parties to the above-captioned civil matter hereby jointly and voluntarily elect to have a United States Magistrate Judge decide the following motions and issue a final order or judgment with respect thereto:

| | | | | |
|---|---|---|---|---|
| 1. | Motions for Costs | Yes ___ | No ✓ |
| 2. | Motions for Attorney's Fees | Yes ___ | No ✓ |
| 3. | Motions for Sanctions | Yes ___ | No ✓ |
| 4. | Motions to Dismiss | Yes ___ | No ✓ |
| 5. | Motions for Summary Judgment | Yes ___ | No ✓ |
| 6. | Other (specify) _____ | | |

4/20/00
(Date)     (Signature-Plaintiff's Counsel)

_____
(Date)     (Signature-Plaintiff's Counsel)

4/24/00
(Date)     (Signature-Defendant's Counsel)

_____
(Date)     (Signature-Defendant's Counsel)

EXHIBIT B
[Attachment C]

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO: 00-6204-CIV-SEITZ
Magistrate Judge Garber

CLAIRE BLUMBERG, on her own behalf, as
Trustee of the Claire Blumberg Trust, and on
behalf of all class members similarly situated,

    Plaintiffs,

v.

FIDELITY AND GUARANTY LIFE
INSURANCE COMPANY, a Maryland
corporation,

    Defendant.
_____/

## JOINT PROPOSED SCHEDULING ORDER

After consideration of the Joint Scheduling Report, and being otherwise fully advised in the premises, it is hereby

**ORDERED AND ADJUDGED** as follows:

1. This case shall be assigned to a complex track pursuant to Local Rule 16.1.A.2.

2. The Parties shall comply with the following discovery and pretrial schedule:

    **A. Class Action Certification**

        1. Class discovery shall be completed     _____

        2. Motion for class certification shall be filed     _____

        3. Hearing on certification motion     _____

    **B. General Pretrial Deadlines**

        1. Exchange of documents and lists     _____

    of witnesses pertaining only to the

    named plaintiff

  2. Joinder of parties and amendment of pleadings   _____

  3. Exchange of written lists of facts witnesses   _____

    intended to be called at trial

  4. Fact discovery must be completed   _____

  5. Exchange of expert witnesses lists, along   _____

    with expert reports required

    by Local Rule 16.1.K

  6. Expert discovery shall be completed   _____

  7. Mediation shall be completed   _____

  8. All dispositive pretrial motions shall be filed   _____

  9. Pretrial stipulation, preliminary proposed

    jury instructions, and summary of

    motions in limine shall be filed   _____

  10. Final proposed jury instructions   _____

    shall be filed

  11. Pretrial conference   _____

  12. Trial date   _____

  DONE and ORDERED in Chambers, Miami, Florida, this \_\_\_ day of _____,
2000.

            _____
            Patricia A. Seitz
            United States District Judge

Copies furnished to: counsel of record