UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No.: 00-00-6204-CIV-SEITZ/GARBER

NIGHT BOX
FILED
JUN 12 2000
CLARENCE MADDOX
CLERK, USDC/SDFL/MIA

CLAIRE BLUMBERG, on her own behalf,
as Trustee of the Claire Blumberg Trust, and
on behalf of all class members similarly
situated,

          Plaintiffs,

v.

FIDELITY AND GUARANTY LIFE
INSURANCE COMPANY, a Maryland
corporation,

          Defendant.
_____/

### DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO AMEND COMPLAINT

### I. INTRODUCTION

Plaintiff, Claire Blumberg, commenced this putative class action for "damages" on February 10, 2000 against Defendant Fidelity and Guaranty Life Insurance Company ("F&G") asserting claims of, <u>inter alia</u>, fraud and breach of fiduciary duty in the sale of single premium deferred annuities. Plaintiff now seeks to amend the Complaint to add a count for injunctive relief, claiming there is no adequate remedy at law. The specific allegations of the Complaint, which seeks money damages for the conduct Plaintiff seeks to enjoin, belie her claim that there is no adequate remedy at law. Even if this were a proper case for injunctive relief, the proposed amendment should still be denied as futile because it fails to allege a single fact demonstrating irreparable harm (<u>See</u> pp. 5-6), substantial likelihood of success on the merits (<u>See</u> p. 7) or that injunctive relief would



not be adverse to the public interest. (See pp. 6). Indeed, in view of the expansive scope of the injunction sought, which would effectively preclude F&G from selling many of its annuity products throughout the nation, it is clear that the proposed injunction would harm the public by removing these products from the market.

## II. STATEMENT OF FACTS

In the Complaint Plaintiff alleges that she and other class members were sold single premium deferred annuities that offered either lower interest rates or lower interest bonuses than other "substantially similar" annuities that F&G sold to others. Original Complaint, ¶¶ 1, 6. Plaintiff further alleges that the annuities sold to her and other class members were "pick a commission" annuities, meaning that the brokers who sold the annuities had the discretion to receive higher commissions in return for selling annuities with lower interest rates or lower interest bonuses. Id., ¶¶ 14 - 15. The putative class Plaintiff seeks to represent is a nationwide class of annuity purchasers, the "vast majority" of whom are allegedly senior citizens, for an unlimited class period. Id., ¶¶ 6, 7. The specific relief sought in the Complaint is the recovery of money damages calculated as the difference between the interest benefits Plaintiff and other class members received and the "higher interest benefits credited to others who purchased substantially the same Annuities and were credited with a higher first year guaranteed interest rate." Interest and punitive damages are also sought. Id., ¶ 1.

In her "proposed" count for injunctive relief, Plaintiff seeks to allege that F&G and its agents are currently selling financially inferior annuities which provide lower first year guaranteed interest rates than substantially similar annuities sold to others. Proposed Amended Complaint, ¶ 63. Alleging no adequate remedy at law, Plaintiff seeks:

> [a]n injunction ordering Defendant and its agents to immediately stop their arbitrary and discriminatory practice of offering substantially the same Annuities to the Class members and other persons with different interest rates based on the amount of a broker's commission.

Proposed Amended Complaint, ¶¶ 67-68; Prayer for Relief.

Nowhere in the Complaint or the Amended Complaint does Plaintiff identify the "substantially similar annuities" that she repeatedly compares to the annuities sold to her and other class members. Indeed, other than the annuities Plaintiff purchased, a "Resolute 4" and a "Resolute 5" annuity, there is no indication of what annuities are implicated in F&G's alleged "fraudulent scheme." In addition, while Plaintiff baldly asserts that F&G has engaged in selling "pick a commission" annuities, the only allegations supporting this claim center around an article that fails to reference either F&G or its annuity products. Proposed Amended Complaint, ¶ 15.

## II. ARGUMENT

### EVEN UNDER THE LIBERAL STANDARD FOR AMENDING PLEADINGS, PLAINTIFF'S MOTION SHOULD BE DENIED AS FUTILE

#### A. The Standard

Federal Rule of Civil Procedure 15 provides that, after a responsive pleading has been filed:

> [A] party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires.

Fed.R.Civ.P. 15(a).[1] The function of a Rule 15(a) amendment is to permit a party to assert matters that were overlooked or were unknown at the time of the original complaint. See Greenwald v. American Medcare Corp., 666 F. Supp. 489, 492 (S.D.N.Y. 1987) (citing Smiga v. Dean Witter Reynolds, Inc., 766 F.2d 698, 703 (2d Cir. 1985). Amendments are further permitted where the

---

[1] F&G served its Answer and Defenses to the Original Complaint on March 27, 2000.

amended pleading amplifies the original pleading. Clay v. Martin, 509 F.2d 109 (2d Cir. 1975); Great Am. Ins. Co. v. Dunn Corp., 580 F. Supp. 1287 (W.D. Mich. 1984) (permitting amendment to complaint to include specific allegations of conduct allegedly constituting misrepresentations). While leave should be freely granted to permit amendment, the Supreme Court has held that leave to amend should be denied when the amendment would be futile. Foman v. Davis, 371 U.S. 178, 182 (1962).

A proposed amendment to assert a new claim should be denied as futile if it asserts baseless or meritless claims or claims that would not withstand a motion to dismiss. Rudolph v. Arthur Andersen & Co., 800 F.2d 1040, 1042 (11th Cir. 1986); See MCI Telecommunications Corp. v. Best Telephone Co., 898 F. Supp. 868 (S.D. Fla. 1994); Taylor v. Florida State Fair Auth. 875 F. Supp. 812 (M.D. Fla. 1995). Here, because Plaintiff cannot state a claim for injunctive relief based upon the pleadings as they now stand, the proposed amendment is futile and the Motion to Amend should be denied.

### B. Plaintiff's Claim for Injunctive Relief is Futile

In the proposed Amended Complaint, Plaintiff seeks to "immediately enjoin Defendant's activities." Proposed Amended Complaint, ¶ 66. In order to obtain a preliminary injunction, however, Plaintiff must meet a rigorous showing, including: (1) substantial likelihood of success on the merits; (2) irreparable injury will be suffered unless the injunction issues; (3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) if issued, the injunction would not be adverse to the public interest. McDonald's Corp. v. Robertson, 147 F.3d 1301, 1306 (11th Cir. 1998) (citing All Care Nursing Service, Inc. v. Bethesda Memorial Hospital, Inc., 887 F.2d 1535, 1537 (11th Cir. 1989). Preliminary injunctions

are issued when drastic relief is necessary to preserve the status quo. Cate v. Oldham, 707 F.2d 1176 (11th Cir. 1983).

### 1. No Showing of Irreparable Harm

Plaintiff's Proposed Amended Complaint fails to set forth a single allegation demonstrating irreparable injury to Plaintiff or putative class members if the injunction is not issued. See Proposed Amended Complaint, ¶ 67. Indeed, the very underpinning of the Original Complaint was Plaintiff's effort to recover money damages from F&G to compensate Plaintiff and class members for the allegedly insufficient interest they were credited for their annuities. Thus, Plaintiff's Original Complaint concedes the availability of an adequate remedy at law—money damages. Where an adequate remedy at law exists, including money damages, an injunction is not proper. See Salsbury Lab., Inc. v. Merieux Lab., Inc., 735 F. Supp. 1537 (M.D. Ga. 1987) (failure to show irreparable harm, where alleged injuries could be compensated fully by money damages, resulted in denial of injunctive relief); See also B.G.H. Ins. Syndicate, Inc. v. Presidential Fire & Cas. Co., 549 So. 2d 197 (Fla. 3d D.C.A. 1989) (availability of adequate remedy at law in the form of money judgment precluded injunctive relief); General Textile Printing & Processing Corp. v. Expromtorg Int'l Corp., 862 F. Supp. 1070 (S.D.N.Y. 1994) (denying injunction preventing sale of goods to others as any injury suffered could be adequately remedied by money damages where there was no showing of inability to satisfy money judgment).

Assuming *arguendo* that Plaintiff can prevail on the merits and recover the additional interest she seeks, the recovery of money damages would adequately address any injury to Plaintiff or current class members and to any additional class members who may in the future purchase allegedly "financially inferior" annuities. Indeed, not a single allegation has been made that F&G annuity

purchasers would suffer some type of damage that could not be adequately addressed by a money judgment.

### 2. Claim Fails to Establish that Balance of Harm and Public Interest Support Injunctive Relief

Plaintiff's proposed claim for injunctive relief also fails to establish that the injunction would not be adverse to the public interest, another critical element in a claim for injunctive relief. See McDonald's Corp., 147 F.3d at 1307 n. 3 (approving finding that possible consumption of unsafe food established possibility of harm to the public). Instead, Plaintiff relies upon the allegation that an injunction will serve the public interest because most of F&G's customers are, "upon information and belief," senior citizens. See Proposed Amended Complaint, ¶¶ 65, 69. Nowhere does Plaintiff particularize why senior citizens are affected any differently than any other member of the public or, for that matter, how the public interest will be served by an injunction.

In truth, Plaintiff's proposed injunction would harm the public because it would remove F&G's products from the market and deprive individuals of the opportunity to pursue their financial goals that they determine appropriate for their needs. Given the breadth of the injunction sought by Plaintiff, it would be impossible for the Court to fashion a narrow injunction, based upon the pleadings as they now stand. It is not even clear which annuities are implicated by Plaintiff's claims given that Plaintiff has repeatedly used the term "substantially similar annuities" which, given the complexity of annuities, is practically impossible to define.[2] Thus, F&G could be enjoined from

---

[2] Annuities may contain any number of variables, including, but not limited to, the guaranteed interest rate, the length of the guaranteed interest rate period, surrender charges and surrender periods, minimum interest rates, annuitization bonuses, liquidity provisions and riders including nursing home, terminal illness, unemployment and others. In light of these variables, it is practically impossible to define a set of "substantially similar annuities;" particularly where individual insureds' needs and requirements influence the value each insured attaches to different provisions.

selling annuities, and the public deprived of the opportunity to purchase its products, in what is a highly regulated and competitive market that already provides safeguards to the buying public.

In light of the severity of the harm to F&G if the injunction sought by Plaintiff were granted, it is clear that Plaintiff's claim also fails to establish the necessary element that "the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party." See Baker v. Buckeye Cellulose Corp., 856 F.2d 167, 169 (11th Cir. 1988). Indeed, Plaintiff's proposed Amended Complaint does not even address this element. The balance of harm in this case would severely prejudice F&G, as F&G could essentially be precluded from offering entire lines of its products for sale, as compared to the alleged monetary harm customers would allegedly suffer of not receiving "higher" interest credits on annuities.[3] The loss of business opportunities to sell annuities would be compounded by the damage to F&G's reputation and to its entire business as F&G could be forced to withdraw products from brokers who may then look elsewhere for product lines. Indeed, the type and magnitude of irreparable harm that F&G could suffer is more akin to the type of harm justifying injunctive relief. See Ahmed v. U.S. Department of Agriculture, 47 F. Supp. 2d 389 (W.D.N.Y. 1999) (where injunction, if issued, would force defendant out of business, sufficient irreparable harm is alleged). Thus, the potential irreparable harm to F&G alone warrants denial of Plaintiff's proposed amendment.

### 3. No Showing of Substantial Likelihood of Success on the Merits

Finally, the proposed Amended Complaint fails to include a single factual allegation sufficient to support Plaintiff's claims, thus, the critical element of "a substantial likelihood of

---

[3] Given the breadth of Plaintiff's proposed injunction and the impact on F&G's business, an injunction in this case would likely necessitate Plaintiff's posting of a substantial bond, sufficient to protect F&G "for the payment of such costs and damages as may be incurred by any party who is found to have been wrongfully enjoined." Fed.R.Civ.P. 65(c). Such a bond would likely be in the millions of dollars if the injunction were to have the nationwide effect sought by Plaintiff.

success," cannot be established. While Plaintiff claims that F&G engages in the practice of selling "pick a commission" annuities, the only factual allegations directed to this claim center around an article that does not even mention F&G or its products. Proposed Amended Complaint, ¶¶ 14, 15. Likewise, while Plaintiff claims that F&G sold her and other annuity purchasers financially inferior annuities that provided either lower interest rates or lower interest bonuses, Plaintiff fails to identify a single so-called "substantially similar" annuity that offered the higher interest rates or bonuses. Accordingly, based on the pleadings as they now stand, it is readily apparent that Plaintiff's Complaint was merely a means to attempt to obtain discovery to support its bald allegations and that Plaintiff's proposed Amended Complaint is simply a means to keep this action alive as a class action by attempting to create another class, an injunctive relief class under Fed.R.Civ.P. 23(b)(2), for class certification purposes.[4] Given the substantial increase in the scope of this litigation that would ensue if Plaintiff is allowed to pursue injunctive relief and the lack of a showing of any likelihood of success on the merits based upon the paucity of Plaintiff's allegations, Plaintiff's Motion to Amend should be denied.

### III. CONCLUSION

In light of the insufficiency of Plaintiff's proposed claim for injunctive relief, amendment of Plaintiff's Complaint to assert this claim would be futile. Plaintiff has not alleged a sufficient basis for any of the elements of injunctive relief. Moreover, given the conclusory allegations of the proposed Amended Complaint, the type of relief that would be appropriate in this type of action and

---

[4] While F&G recognizes that this may be Plaintiff's purpose in attempting to assert a claim for injunctive relief, F&G does not concede that an injunction class would be appropriate because it is clear from the claims asserted that the only final relief that would be appropriate in this case would be either exclusively or predominantly money damages.

the severity of harm that the proposed injunction would cause to F&G, Plaintiff cannot adequately state a claim for injunctive relief. Accordingly, Plaintiff's Motion to Amend should be denied.

Dated: June 12, 2000

>PROSKAUER ROSE LLP
>Attorneys for Defendant
>2255 Glades Road, Ste. 340 West
>Boca Raton, Florida 33431
>(561) 241-7400
>(561) 241-7145 (fax)
>
>By: *Wendy L Furman*
>JAY S. BLUMENKOPF
>Fla. Bar No. 0835870
>KRISTINA B. PETT
>Fla. Bar No. 0973688
>WENDY L. FURMAN
>Fla. Bar No. 0085146

## CERTIFICATE OF SERVICE

I certify that on June 12, 2000, a copy of this document was served by U.S. mail on:

>Michael A. Hanzman
>Hanzman Criden Chaykin & Rolnick, P.A.
>220 Alhambra Circle, Ste. 400
>Coral Gables, FL 33134

>*Wendy L Furman*
>WENDY L. FURMAN