UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO: 00-6204-CIV-SEITZ

MAGISTRATE JUDGE GARBER

CLAIRE BLUMBERG, on her own behalf, as
Trustee of the Claire Blumberg Trust, and on
behalf of all class members similarly situated,

    Plaintiffs,

v.

FIDELITY AND GUARANTY LIFE
INSURANCE COMPANY,
a Maryland corporation,

    Defendant.
_____/



**PLAINTIFF'S REPLY MEMORANDUM
IN SUPPORT OF MOTION TO AMEND COMPLAINT**

On May 25, 2000, Plaintiff Claire Blumberg ("Blumberg") filed a motion to amend her complaint to add a count for injunctive relief. Although the Federal Rules expressly state that such amendments "shall be freely given when justice so requires," the request was made at an early stage of this litigation, there is no dispute that Blumberg has alleged the elements for injunctive relief, and the request was made more than six months prior to the deadline this Court set for amendments of pleadings, Defendant Fidelity and Guaranty Life Insurance Company ("F&G") has chosen to waste everybody's time by interjecting an "objection" to her timely request.

F&G's argument: adding a count for injunctive relief would be futile because Blumberg will never be able to <u>prove</u> her allegations if she later decides to move for a <u>preliminary</u>

HANZMAN CRIDEN CHAYKIN & ROLNICK, P.A.
COMMERCEBANK CENTER • SUITE 400 • 220 ALHAMBRA CIRCLE • CORAL GABLES, FLORIDA 33134 • TELEPHONE (305) 357-9000

injunction.[1] F&G raises an argument that is not yet at issue. Blumberg has not filed a motion for preliminary injunction; she has simply requested that this Court allow her to add a count for injunctive relief to her complaint. We do not doubt that F&G believes it has many defenses to a motion for preliminary injunction; opposing Blumberg's request to add a count for injunctive relief to the complaint as futile is not one of them.

## THE LAW

Rule 15 unequivocally states that "leave [to amend] shall be freely given when justice so requires." "Rule 15(a) severely restricts the district court's freedom . . . [Rule 15's policy of] liberally permitting amendments to facilitate determination of claims on the merits circumscribes the exercise of the district court's discretion; thus, unless a substantial reason exists to deny leave to amend, the discretion of the district court is not broad enough to permit denial." *Shipner v. Eastern Air Lines, Inc.*, 868 F.2d 401 (11th Cir. 1989) (internal citation omitted); *see also Epsey v. Wainwright*, 734 F.2d 748 (11th Cir. 1984).

---

[1] Throughout its memorandum in opposition, F&G argues that Blumberg has not "proved" or made a sufficient "showing" necessary for this Court to immediately enter a "preliminary injunction." *See, e.g.*, Memo at 4 ("In order to obtain a preliminary injunction, however, Plaintiff must meet a rigorous showing"); Memo at 7 ("an injunction in this case would likely necessitate Plaintiff's posting of a substantial bond"); Memo at 7 ("No showing of substantial likelihood of success"); Memo at 7 ("fails to establish the necessary element"); Memo at 8 ("lack of a showing of any likelihood of success on the merits"). At other times, F&G simply argues the merits of entering such an injunction. *See, e.g.*, Memo at 2 ("the proposed injunction would harm the public"); Memo at 6 ("In truth, Plaintiff's proposed injunction would harm the public . . . ."); Memo at 7 (F&G would suffer "loss of business opportunities"); Memo at 7 (an injunction would "damage [] F&G's reputation"). Incredibly, F&G also argues the effects on the Court if it should ever decide to enter a preliminary injunction. *See, e.g.*, Memo at 6 ("it would be impossible for the Court to fashion a narrow injunction"). Blumberg may decide never to seek a preliminary injunction, as opposed to a permanent injunction. Only time (and discovery) will tell. Until that time, arguing whether Blumberg can actually <u>prove</u>, and, therefore, is <u>currently</u> entitled to, a preliminary injunction is premature.

-2-

Thus, as the Supreme Court made clear in *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 230 (1962):

> <u>If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claims on the merits.</u> In the absence of any apparent or declared reason–such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.–the leave sought should, as the rules require, be "freely given."

*Foman*, 83 S. Ct. at 230 (emphasis supplied).

Not surprisingly, the few times that courts in the Eleventh Circuit have denied a request to amend for futility, the claim was <u>precluded</u> as a matter of law. *See generally Edgar v. Danek Medical, Inc.*, 1999 WL 1054864 (M.D. Fla. 1999) (finding futility because Florida law did not permit such a claim); *Motorcity of Jacksonville, Ltd. v. Southeast Bank, N.A.*, 39 F.3d 292 (11th Cir. 1994), *vacated on other grounds*, 58 F.3d 589 (11th Cir. 1995) (district court denied amendment because claim was barred by *D'Oench* doctrine); *Hargett v. Valley Federal Savings Bank*, 60 F.3d 754 (11th Cir. 1995) (denial of amendment futile when underlying claim was untimely filed, and, therefore, would have precluded proposed claim); *Halliburton & Associates, Inc. v. Henderson, Few & Co.*, 774 F.2d 441 (11th Cir. 1985) (affirming denial of leave to amend because claim turned out to be arbitrable).

It is against this legal backdrop that the Court should consider Blumberg's request to amend the complaint.

### THE FACTS

Rule 8(a)(2) provides that a pleading shall contain only "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8's "short and plain statement"

-3-

abandons traditional pleading formalities. *Cohen v. Office Depot, Inc.*, 184 F.3d 1292, 1297 (11th Cir. 1999), *vacated on other grounds*, 204 F.3d 1069 (11th Cir. 2000). Thus, under Rule 8, a complaint need only "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Id.* at 1297.

In Count VI of her proposed First Amended Complaint, Blumberg alleges that F&G and its agents continue to sell certain annuities without disclosing that they are selling substantially the same annuities to others with an arbitrary and discriminatory higher interest rate; that, absent injunctive relief, class members and others will remain subject to the risk of further sales of financially inferior annuities; that Blumberg has no adequate remedy at law to prevent F&G from engaging in its unlawful practices; and that an injunction will serve the public interest by stopping F&G's discriminatory and unlawful practices. *See* Amended Complaint at ¶¶ 63-69. Count VI clearly states a claim for injunctive relief. *See United States v. Fisher*, 977 F. Supp. 1193, 1202 (S.D. Fla. 1997) (setting forth the elements for a permanent injunction); *see also McKinley v. Kaplan*, 177 F.3d 1253, 1258 (11th Cir. 1999) (because plaintiff alleged the elements for her proposed claim, denial of leave to amend based on futility was reversible error).[2]

---

[2] F&G makes the ridiculous argument that Blumberg cannot seek injunctive relief because she also seeks monetary damages. It comes as no shock that F&G has cited no caselaw for such a principle of law. When the time comes, it will be up to the Court to decide whether injunctive relief is the proper remedy to stop F&G from selling its inferior annuities to class members and others in the public, or as F&G seems to suggest, those individuals will just have to keep suing F&G into the foreseeable future.

Hanzman Criden Chaykin & Rolnick, P.A.
COMMERCEBANK CENTER • SUITE 400 • 220 ALHAMBRA CIRCLE • CORAL GABLES, FLORIDA 33134 • TELEPHONE (305) 357-9000

For all of the foregoing reasons, Blumberg respectfully requests that this Court grant her Motion to Amend Complaint.

Respectfully submitted,

Hanzman Criden Chaykin & Rolnick, P.A.
Commercebank Center
220 Alhambra Circle, Suite 400
Coral Gables, Florida 33134
Telephone: (305) 357-9000
Facsimile: (305) 357-9050

_____
Michael A. Hanzman
  Florida Bar No. 510637
Alan H. Rolnick
  Florida Bar No. 715085
Kevin B. Love
  Florida Bar No. 993948

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing document has been served via U.S. mail this 22 day of June, 2000 to Wendy L. Furman, Proskauer Rose LLP, 2255 Glades Road, Suite 340 West, Boca Raton, Florida 33431.

_____
Kevin B. Love

L:\LIBRARY\2768\Pleading\reply-mamend.wpd

-5-