UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No.: 00-00-6204-CIV-SEITZ

CLAIRE BLUMBERG, on her own behalf,
as Trustee of the Claire Blumberg Trust, and
on behalf of all class members similarly
situated,

        Plaintiffs,

v.

FIDELITY AND GUARANTY LIFE
INSURANCE COMPANY, a Maryland
corporation,

        Defendant.
_____/



## CONFIDENTIALITY ORDER

To expedite the flow of discovery material, facilitate the prompt resolution of disputes over confidentiality, protect adequately material entitled to be kept confidential and insure that protection is afforded only to material so entitled, it is, pursuant to the Court's authority under Fed.R.Civ.P. 26(c) and with the consent of the parties,

**ORDERED:**

1. **Non-disclosure of Stamped Confidential Documents.** Except with the prior written consent of the party or other person designating a document to be stamped as a confidential document, or as hereinafter provided under this Order, no stamped confidential document may be disclosed to any person.

    a. "Stamped confidential document" means any document which bears the legend (or which shall otherwise have had the legend recorded upon it in a way that brings its



Case No. 00-00-6204-CIV-SEITZ
Page 2

attention to a reasonable examiner) "CONFIDENTIAL" to signify that it contains information believed to be subject to protection under Fed.R.Civ.P. 26(c)(7). Interrogatory answers, responses to requests for admission, deposition transcripts and exhibits, pleadings, motions, affidavits and briefs that quote, summarize or contain materials entitled to protection may be accorded status as a stamped confidential document, but, to the extent feasible, shall be prepared in such a manner that the confidential information is bound separately from that not entitled to protection.

   b. "Document" means all written, recorded or graphic material, whether produced or created by a party or another person, whether produced pursuant to Fed.R.Civ.P. 34, subpoena, by agreement or otherwise.

  2. **Permissible Disclosures.** Notwithstanding paragraph 1, stamped confidential documents may be disclosed to counsel for the parties in this action (including house counsel) who are actively engaged in the conduct of this litigation; to the partners, associates, secretaries, paralegal assistants, and employees of such an attorney to the extent reasonably necessary to render professional services in the litigation; to persons with prior knowledge of the documents or the confidential information contained therein; and to court officials involved in this litigation (including court reporters, persons operating video recording equipment at depositions, and any special master appointed by the Court). Subject to the provisions of subparagraph (c), such documents may also be disclosed:

   a. to any person designated by the Court in the interest of justice, upon such terms as the Court may deem proper; and

Case No. 00-00-6204-CIV-SEITZ
Page 3

      b.    to persons noticed for depositions or designated as trial witnesses to the extent reasonably necessary in preparing to testify; to outside consultants or experts retained for the purpose of assisting counsel in the litigation; to employees of parties involved solely in one or more aspects of organizing, filing, coding, converting, storing, or retrieving data or designing programs for handling data connected with this action, including the performance of such duties in relation to a computerized litigation support system; and to employees of third-party contractors performing one or more of these functions; provided, however, that in all such cases the individual to whom disclosure is to be made has signed a form containing:

      (1)    a recital that the signatory has read and understands this Order;

      (2)    a recital that the signatory understands that unauthorized disclosure of the stamped confidential documents constitutes contempt of Court; and

      (3)    a statement that the signatory consents to the exercise of personal jurisdiction by this Court.

      c.    Before disclosing a stamped confidential document to any person listed in subparagraph (a) or (b) who is a competitor (or an employee of a competitor) of the party that so designated the document, the party wishing to make such disclosure shall give at least ten days' advance notice in writing to the counsel who designated such information as confidential, stating the names and addresses of the person(s) to whom the disclosure will be made, identifying with particularity the documents to be disclosed, and stating the purposes of such disclosure. If, within the ten-day period, a motion is filed objecting to the proposed disclosure, disclosure is not

Case No. 00-00-6204-CIV-SEITZ
Page 4

permissible until the Court has denied such motion. The Court will deny the motion unless the objecting party shows good cause why the proposed disclosure should not be permitted.

3. **Declassification.** A party (or aggrieved entity permitted by the Court to intervene for such purpose) may apply to the Court for a ruling that a document (or category of documents) stamped as confidential is not entitled to such status and protection. The party or other person that designated the document as confidential shall be given notice of the application and an opportunity to respond. To maintain confidential status, the proponent of confidentiality must show by a preponderance of the evidence that there is good cause for the document to have such protection.

4. **Confidential Information in Depositions.**

   a. A deponent may, during the deposition be shown, and examined about, stamped confidential documents if the deponent already knows the confidential information contained therein or if the provisions of paragraphs 2(b) and, if applicable, 2(c) are complied with. Deponents shall not retain or copy portions of the transcript of their depositions that contain confidential information not provided by them or the entities they represent unless they sign the form prescribed in paragraph 2(b). A deponent who is not a party or a representative of a party shall be furnished a copy of this Order before being examined about, or asked to produce, potentially confidential documents.

   b. Parties (and deponents) may, within fifteen days after receiving a deposition transcript, designate pages of the transcript (and exhibits thereto) as confidential. Confidential information within the deposition transcript may be designated by underlining the portions of the pages that are confidential and marking such pages with the following legend: "Confidential -

Case No. 00-00-6204-CIV-SEITZ
Page 5

Subject to protection pursuant to Court Order." Until expiration of the fifteen day period, the entire deposition will be treated as subject to protection against disclosure under this Order. If no party or deponent timely designated confidential information in a deposition, then none of the transcript or its exhibits will be treated as confidential; if a timely designation is made, the confidential portions and exhibits shall be filed under seal separate from the portions and exhibits not so marked.

5. **Confidential Information at Trial.** Subject to the Federal Rules of Evidence, stamped confidential documents and other confidential information may be offered in evidence at trial or any court hearing, provided that the proponent of the evidence gives ten days' advance notice to counsel for the party or other person that designated the information as confidential. Any party may move the Court for an order that the evidence be received in camera or under other conditions to prevent unnecessary disclosure. The Court will then determine whether the proffered evidence should continue to be treated as confidential information and, if so, what protection, if any may be afforded to such information at the trial.

6. **Subpoena by Other Courts or Agencies.** If another Court or an administrative agency subpoenas or orders production of stamped confidential documents which a party has obtained under the terms of this Order, such party shall promptly notify the party or other person who designated the document as confidential of the pendency of such subpoena or order.

7. **Filing.** Stamped confidential documents need not be filed with the Clerk except when required in connection with motions under Fed.R.Civ.P. 12 or 56 or other matters pending

Case No. 00-00-6204-CIV-SEITZ
Page 6

before the Court. If filed, they shall be filed under seal and shall remain sealed while in the office of the Clerk so long as they retain their status as stamped confidential documents.

8. **Client Consultation.** Nothing in this Order shall prevent or otherwise restrict counsel from rendering advice to the parties to this litigation and, in the course thereof, relying generally on examination of stamped confidential documents.

9. **Use.** Persons obtaining access to stamped confidential documents under this Order shall use the information only for preparation and trial of this litigation (including appeals and retrials), and shall not use such information for any other purpose, including business, governmental, commercial, or administrative or judicial proceedings. If the Plaintiffs wish to use any information contained in a stamped confidential document in any other litigation, they shall follow the procedure set forth in paragraph 2(c) and shall only disclose the confidential documents after the third party has signed the form prescribed in paragraph 2(b). The confidential documents shall retain their confidential status, as described in this Order, in any other litigation and shall be returned to the party that produced the document at the conclusion of the other litigation or proceedings.

10. **Non-Termination.** The provisions of this Order shall not terminate at the conclusion of these actions. Within 120 days after final conclusion of all aspects of this litigation, stamped confidential documents and all copies of same (other than exhibits of record) shall be returned to the party or person which produced such document or, at the option of the producer (if it retains at least one copy of the same), destroyed. All counsel of record shall make

Case No. 00-00-6204-CIV-SEITZ
Page 7

certification of compliance herewith and shall deliver the same to counsel for the party who produced the documents not more than 150 days after final termination of this litigation.

11.  **Modification Permitted.** Nothing in this Order shall prevent any party or other person from seeking modification of this Order or from objecting to discovery that it believes to be otherwise improper.

12.  **Responsibility of Attorneys.** The attorneys of record are responsible for employing reasonable measures to control, consistent with this Order, duplication of, access to and distribution of copies of stamped confidential documents. Parties shall not duplicate any stamped confidential document except working copies and for filing in Court under seal.

**DONE AND ORDERED** this 26th day of June, 2000, in Chambers in Miami, Florida.

_____
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Michael A. Hanzman, Esq.
HANZMAN CRIDEN CHAYKIN
   & ROLNICK, P.A.
Counsel for Plaintiffs
220 Alhambra Circle, Ste. 400
Coral Gables, FL 33134

Jay S. Blumenkopf, Esq.
PROSKAUER ROSE LLP
Counsel for Defendant
2255 Glades Road, Ste. 340 West
Boca Raton, FL 33431-7383